Sylvester TOLLIVER, Petitioner–
Appellant,

v.

Jonathon DOBRE, Respondent–
Appellee.

No. 99–41420
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 3, 2000.

Sylvester Tolliver, Beaumont, TX, pro se.

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:

In challenging the dismissal of his 28 U.S.C. § 2241 habeas petition, Sylvester Tolliver (federal prisoner # 24806–013) contends that § 2241 is the proper method to collaterally attack his sentence, because a 28 U.S.C. § 2255 motion would be denied as successive, therefore rendering § 2255 ineffective and inadequate. We AFFIRM.

I.

A jury convicted Tolliver for conspiracy to possess with intent to distribute cocaine, aiding and abetting that possession, and carrying a firearm during those drug trafficking offenses. The conviction was affirmed on direct appeal. *United States v. Tolliver*, No. 93–04438, 19 F.3d 16 (5th Cir.1994)(unpublished).

In 1996, Tolliver filed a § 2255 motion, challenging his conviction for carrying a firearm. The motion was granted. His request to file a second § 2255 motion was denied. (Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104–132, 110 Stat. 1214 (1996), permission must be received from a court of appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A).)

In November 1999, Tolliver filed the § 2241 petition in issue, contending § 2255 was inadequate or ineffective, because the motion would be denied as successive. The petition was denied.

II.

 Section § 2255 is the primary means of collaterally attacking a federal sentence. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990). Section § 2241 is used to attack the manner in which a sentence is executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). A § 2241 petition which attacks errors that occur at trial or sentencing is

properly construed under § 2255. *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1131–32 (5th Cir.1987). Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective. *Cox,* 911 F.2d at 1113.

■ We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does *not* make § 2255 inadequate or ineffective. *See Charles v. Chandler,* 180 F.3d 753, 757–58 (6th Cir.1999); *United States v. Barrett,* 178 F.3d 34, 50 (1st Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000); *Caravalho v. Pugh,* 177 F.3d 1177, 1179 (10th Cir.1999); *In re Davenport,* 147 F.3d 605, 608 (7th Cir.1998). Tolliver is simply attempting to circumvent the limitations on filing successive § 2255 motions. Correspondingly, his contention that § 2255 is inadequate or ineffective, because it would be dismissed as successive, is without merit.

### III.

For the foregoing reasons, the denial of § 2241 habeas relief is

*AFFIRMED.*